IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

"IN ADMIRALTY"

IN THE MATTER OF THE COMPLAINT
OF JEREMY R. PERRY as Owner of a
2001 PROLINE 22 SPORT with Hull ID            CASE No.:
Number PLCSPO66K001, its engines, tackle,
apparel, and appurtenances, etc. for
Exoneration from or Limitation of Liability,

        Petitioner.
_____/

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

The Complaint of JEREMY R. PERRY, for exoneration from or limitation of liability as owners of the 2001 PROLINE 22 SPORT with Hull ID Number PLCSPO66K001 (the "Vessel"), in a cause of action civil and maritime, respectfully alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333, 46 U.S.C. § 30501, *et seq.* and Rule 9(h) of the Federal Rules of Civil Procedure.

2. That at all material times, JEREMY R. PERRY was the titled owner of the Vessel.

3. Venue is proper in this district under 28 U.S.C §1391 and Supplemental Rule F(9) as the events giving rise to the claim occurred, and a substantial part of property that is the subject of the action, including the Vessel, is situated within this district.

4. At all material times hereto, the Vessel was a seaworthy vessel, properly titled under the laws of the State of Florida, and was tight, staunch, strong, fully and properly manned,

equipped and supplied, and was in all respects seaworthy and reasonably fit for use in and around inland and coastal waters of the United States.

5. The events which give rise to this Petition occurred while the Vessel was on the navigable waters of the United States on the Atlantic Intracoastal Waterway near Smith Creek in Palm Coast, Florida, within this District.

6. On September 6, 2020, the vessel was engaged on a voyage that began in Palm Coast, Florida.

7. While the Vessel was being operated in the Atlantic Intracoastal Waterway, the Petitioner's Vessel encountered an engine or fuel issue.

8. While attempting to address the fuel issue, the boat accelerated in the direction of a dock.

9. The Vessel subsequently struck the dock, incapacitating the owner/operator which proceeded to strike another dock (hereinafter the "Incident").

10. As a result of the allisions, Mr. Perry and a passenger sustained injuries, and two docks sustained damage.

11. The voyage terminated shortly after the alleged incident on September 6, 2020, in Palm Coast, Florida.

12. This action is filed within six months of the Incident and is therefore timely filed pursuant to 46 U.S.C. §30511 (a).

13. Any losses or damages that occurred or were alleged to have occurred on the voyage ending on or about September 6, 2020, were not caused or contributed to by any fault, neglect, want of care or design on the part of JEREMY R. PERRY and/or any unseaworthy

condition of the Vessel, but, on the contrary, were caused solely by conditions beyond Limitation Plaintiff's control and actual or constructive knowledge.

14. Limitation Plaintiff denies that he or the Vessel or any other person or property for whom or for which he may be responsible is liable to any extent for all claims and damages arising out of the above incident. Limitation Plaintiff specifically denies any and all liability for any claims or losses, or damages occasioned by, or resulting from, the matters and happenings alleged above and state that he has a valid defense to any such claim. Limitation Plaintiff desires to contest his liability for any such claims and, therefore, show that he is entitled to a decree exonerating him and the Vessel from liability.

15. Petitioner further alleges that any and all damages and losses as aforesaid were done, occasioned and incurred without fault on the part of Petitioner and without his privity or knowledge, actual or imputed. Should this Honorable Court, however, adjudge that Petitioner is liable to any extent in the premises, either jointly or severally, the Petitioner claims the benefits of the Limitation of Liability Laws of the United States, 46 U.S.C. § 30501 *et seq.*, and all statutes amendatory thereof and supplementary thereto.

16. There are no known suits arising out of the aforesaid incident presently pending against Petitioner. He has received written notice of claims and is fearful that suit may be brought against him by parties who allege injuries and damages by reason of the aforesaid incident.

17. The Vessel sustained damage as a result of the Incident and it is currently located in Palm Coast, Flagler County, Florida.

18. Petitioner estimates that the value of the Vessel, including its equipment, apparel, appurtenances, etc., was no more than Four Thousand Dollars ($4,000.00) following the termination of the voyage which gave rise to this limitation action.

19. There was no pending freight arising from the voyage upon which the vessel was engaged on September 6, 2020.

20. Accordingly, Petitioner estimates that their interest in the vessel at the end of the voyage and pending freight was no more than Four Thousand Dollars ($4,000.00) following the termination of the voyage which gave rise to this limitation action.

21. Petitioner alleges that the amount of the damages and/or claims hereinabove described, and all other possible claims against Petitioner and the Vessel exceed the amount or value of Petitioner's interest in the Vessel and pending freight.

22. Petitioner offers and will file herein an Ad Interim Stipulation with approved corporate surety for the payment into this Honorable Court of the aggregate amount of Petitioner's interest in the Vessel and pending freight at the termination of the voyage aforesaid, with interest at the rate of six (6%) percent per annum from the date of the Stipulation, and for all costs; and in addition thereto, Petitioner is prepared to give bond or stipulation for any amount in excess of the Ad Interim Stipulation as may be ascertained and determined to be necessary under any orders of this Honorable Court, as provided by the laws of the United States and the Federal Rules of Civil Procedure.

23. Petitioner states that there are no unsatisfied liens or claims of liens, in contract or in tort, arising out of the voyage referred to above, so far as known to Petitioner, and except as set forth herein.

24. All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States, and of this Honorable Court, and constitute a claim for relief within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, JEREMY R. PERRY prays:

A. That this Honorable Court enter an Order approving the Stipulation for Costs to be filed by Petitioner herein, on which Petitioner is principal, and Allstate Property and Casualty Insurance Company is surety, in the amount of $250.00;

B. That this Honorable Court enter an Order approving as to quantum, form, and surety, the Ad Interim Stipulation to be filed by Petitioner herein on which Petitioner is principal and Allstate Property and Casualty Insurance Company is surety, in the amount of $4,000.00, with six (6%) percent per annum interest from the date of such Stipulation, pending any appraisement as may be ordered by the Court of the amount of Petitioner's interest in the Vessel;

C. That, upon the filing of the foregoing Ad Interim Stipulation, this Court issue an injunction enjoining and restraining the commencement or prosecution of any and all actions, suits or legal proceedings of any kind against Petitioner and against the Vessel and any other property owned by Petitioner, other than in these proceedings;

D. That this Court cause a Notice to be issued to all persons, firms and corporations having or alleging to have any claims by reason of the matters and happenings detailed in the foregoing Complaint, directing them to appear and file their claims with the Clerk of the Honorable Court, on or before a date to be fixed by the Court and as specified in the Notice, or be forever barred and permanently enjoined from making and filing any such claims, and also to answer, all and singular, the allegations of this Complaint;

E. That this Court adjudge that Petitioner and the Vessel are not liable for any damages, demands or claims whatsoever in consequence of, or arising out of, or otherwise connected with the matters and happenings alleged in the foregoing Complaint;

F. That, in the alternative, if this Court should adjudge that Petitioner is liable to any extent in the premises, the Court shall adjudge that the liability of Petitioner shall be limited to the amount of his interest in the Vessel and pending freight at the time of the end of the voyage wherein the incident which gave rise to this action occurred, in accordance with 46 U.S.C.A. § 30501 et seq.; and in that event, the amount representing the value of Petitioner's interest in the Vessel and pending freight shall be divided pro rata among the claimants having made due proof of their respective claims; and that a decree be entered discharging Petitioner of and from any and all further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against Petitioner in consequence of or arising out of or connected with the matters and happenings alleged in the foregoing Complaint; and

G. That Petitioner has such other and further relief in the premises as may be just and proper.

DATED this 5th day of March 2020.

_____
Eric C. Thiel – FBN 016267
BANKER LOPEZ GASSLER P.A.
501 East Kennedy Boulevard, Suite 1700
Tampa, FL  33602
Telephone:  (813) 221-1500
Facsimile:  (813) 222-3066
Email: service-ethiel@bankerlopez.com

Attorneys for Petitioner