UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**IN ADMIRALTY**

IN THE MATTER OF:                                                        Case No. 3:21-cv-221-BJD-MCR

THE COMPLAINT OF JEREMY R.
PERRY as Owner of a 2001 PROLINE
22 SPORT with Hull ID Number
PLCSPO66K001, its engines, tackle,
apparel, appurtenances, etc. for
Exoneration from or Limitation of
Liability,

   Petitioner.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Petitioner's Motion for Entry of Final Default Judgment ("Motion") (Doc. 17), filed November 23, 2021.

The Motion seeks entry of a final default judgment for exoneration from liability in favor of Petitioner and against any and all claimants who have failed to plead or otherwise defend, other than Carl Gallo, Kathleen Gallo, and Kimberly Spath, by the May 28, 2021 deadline set forth in the Notice of Monition. (*Id.*) Previously, on October 20, 2021, a Notice of Settlement was filed, advising that Petitioner Jeremy R. Perry, Claimant Tower Hill

Preferred Insurance Company as subrogee of Elizabeth Capel,[1] and potential claimants, Carl Gallo, Kathleen Gallo, and Kimberly Spath, have settled this matter and will be filing a stipulation of dismissal with prejudice. (Doc. 14.) However, a review of the docket indicates that there are additional known potential claimants, other than Carl Gallo, Kathleen Gallo, and Kimberly Spath. (*See* Doc. 11 (noting that pursuant to Supplemental Rule F(4) and the Court's March 29, 2021 Order, Petitioner mailed copies of the Amended Complaint, the Court's March 29, 2021 Order, and the Notice of Monition to Carl Gallo, Kathleen Gallo, Elizabeth Anne Capel, Latitude Subrogation Services, Kimberly Spath, Jordan Dale Perry, and Nicole Michelle Perry).)

Because there are other known potential claimants who are individuals and who apparently have not settled the case with Petitioner, Petitioner shall provide an affidavit or other proof regarding the status of these individuals, specifically, whether they are minors, incompetent, or in the military, **on or before December 17, 2021**. *See* Fed.R.Civ.P. 55(b)(2); 50 U.S.C. § 3931. Also, **on or before December 17, 2021**, Petitioner shall serve the known potential claimants with a copy of the Motion and file a certificate of service. *See Kennedy v. Nat'l Asset & Risk Mgmt., LLC*, No. 3:13-cv-101-J-39MCR,

---

[1] On May 28, 2021, Tower Hill Preferred Insurance Company, as subrogee of Elizabeth Capel, filed its Answer, Affirmative Defenses, and Objections to the Amended Complaint, and its claim pursuant to the Notice of Monition. (Doc. 13.)

2

2014 WL 1293528, *3 n.3 (M.D. Fla. Mar. 28, 2014) (stating that "although Rule 5(a)(2), Fed.R.Civ.P., does not require service on a party who is in default for failing to appear, the best practice is for motions for default judgment to be served on the subject defendant so as to reduce the likelihood of a later attack on the judgment pursuant to Rules 55(c) and 60(b), Fed.R.Civ.P."). Then, the known potential claimants shall have until **January 3, 2022** to respond to the Motion, or else the Motion will be deemed unopposed. Until then, the Motion (**Doc. 17**) is **UNDER ADVISEMENT**.

**DONE AND ORDERED** at Jacksonville, Florida, on December 8, 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

3