UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN ADMIRALTY

IN THE MATTER OF:

Case No.: 3:21-cv-221-BJD-MCR

THE COMPLAINT OF JEREMY R.
PERRY as Owner of a 2001 PROLINE
22 SPORT with Hull ID Number
PLCSPO66K001, its engines, tackle,
apparel, appurtenances, etc. for
Exoneration from or Limitation of
Liability,

                      Petitioner,

_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 21; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on January 6, 2022. In the Report, the Magistrate Judge recommends that the Court enter default judgment against any and all claimants who have failed to plead or otherwise defend by the May 28, 2021 deadline. Report at 13. No party filed an objection to the Report and the time to do so has passed. Accordingly, the matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no

specific objections to findings of fact are filed, the district judge is not required to conduct a *de novo* review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). Further, if no objections to a magistrate judge's report and recommendation are filed, the district court reviews legal conclusions only for plain error and only if necessary in the interests of justice. Shepherd v. Wilson, 663 F. App'x 813, 816 (11th Cir. 2016); see also Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015) (noting that under 11th Circuit Rule 3-1, the appellant would have waived his ability to object to the district court's final order on a report and recommendation where appellant failed to object to that report and recommendation). "Under plain error review, we can correct an error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016) (citing Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1329 (11th Cir. 1999)). Upon independent review of the entire record, the undersigned finds no plain error in the Report.

Accordingly, it is hereby

**ORDERED**:

1. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 21) as the opinion of the Court.

2. Petitioner's Motion for Entry of Final Default Judgment (Doc. 17) is **GRANTED**.

3. The Clerk of the Court shall enter default judgment for exoneration from any and all liability in favor of Petitioner and against any and all claimants who have failed to plead or otherwise defend, other than Carl Gallo, Kathleen Gallo and Kimberly Spath by the May 28, 2021 deadline and that the defaulted potential claimants take nothing and their claims be dismissed with prejudice.

**DONE AND ORDERED** in Jacksonville, Florida, this 15th day of February, 2022.

BRIAN J. DAVIS
United States District Judge

*Copies furnished to:*

Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of Record

*ap*